# Exhibit A
# To Notice of Removal

**LMS Packing Slip**

# Package ID: 2934832

| | |
|---|---|
| **Tracking Number:** | 781422431123 |
| **Package Recipient:** | Legal Counsel |
| **Recipient Company:** | Vapotherm, Inc. |
| **Recipient Address:** | 100 Domain Dr   Exeter NH 03833-4801 USA |
| **Phone Number:** | 6036580011 |

**Package Contents:**

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 18303129 | 49D12-1806-PL-023021 | Engineered Medical Systems, Inc. vs. Vapotherm, Inc. |

**Notice of Removal EXHIBIT A  - consolidated page 1**



# Notice of Service of Process

MDM / ALL
Transmittal Number: 18303129
Date Processed: 06/14/2018

| | |
|---|---|
| **Primary Contact:** | Legal Counsel<br>Vapotherm, Inc.<br>100 Domain Dr<br>Exeter, NH 03833-4801 |

| | |
|---|---|
| **Entity:** | Vapotherm, Inc.<br>Entity ID Number  3192946 |
| **Entity Served:** | Vapotherm, Inc. |
| **Title of Action:** | Engineered Medical Systems, Inc. vs. Vapotherm, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Marion County Superior Court, Indiana |
| **Case/Reference No:** | 49D12-1806-PL-023021 |
| **Jurisdiction Served:** | Indiana |
| **Date Served on CSC:** | 06/13/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Craig J. Helmreich<br>317-637-1777 |

**Notes:**     Lines/marks on document

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**Notice of Removal EXHIBIT A  - consolidated page 2**

Filed: 6/13/2018 9:39 AM
Myla A. Eldridge
Clerk
Marion County, Indiana

**ALIAS SUMMONS**

In the Marion County Circuit/Superior Court

ENGINEERED MEDICAL SYSTEMS, INC.

Plaintiff(s)

Cause No. 49D12-1806-PL-023021

-vs-

VAPOTHERM, INC.

Defendants

TO DEFENDANT:     (Name) Vapotherm, Inc.
                              c/o Registered Agent Corporation Service Company
                              135 North Pennsylvania Street, Ste. 1610
                              Indianapolis, IN 46204

     You are hereby notified that you have been sued by the persons named as plaintiff(s) and in the Court indicated above.

     The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff(s).

     An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff(s).

     If you have a claim for relief against the plaintiff(s) arising from the same transaction or occurrence, you must assert it in your written answer.

     If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (317-269-2222), or the Marion County Bar Association Lawyer Referral Service (317-634-3950).

Dated  6/13/2018

_Myla A. Eldridge_ (Seal)
Clerk, Marion County Circuit/Superior Court

**(The following manner of service of summons is hereby designated.)**

_____     Registered or certified mail.

_____     Service at place of employment, to-wit:_____

_____     Service on individual -- (Personal or copy) at above address.

__X__     Service on Agent. (Specify) Service on Registered Agent by Hand Delivery.

_____     Other Service. (Specify) _____

Craig J. Helmreich, # 22220-49
Attorney for Plaintiff
SCOPELITIS GARVIN LIGHT HANSON & FEARY
10 W. Market Street, Suite 1700
Indianapolis, Indiana  46204-2971
Telephone:  (317) 637-1777

Marion County Circuit/Superior Court Clerk
200 East Washington Street, #W-122
Indianapolis, IN 46204
Telephone: (317) 327-4740

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2018:

(1)     By delivering a copy of the Summons and a copy of the complaint to the defendant,

_____

(2)     By leaving a copy of the Summons and a copy of the complaint at
_____ which is the dwelling place or usual place
of abode of _____ and by mailing a copy of said summons
to said defendant at the above address.

(3)     Other Service or Remarks: _____

_____

_____        _____
Sheriff's Costs                          Sheriff
                                         By: _____
                                              Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2018, I mailed a copy of this
Summons and a copy of the complaint to the defendant, _____ by certified mail, requesting a return
receipt, at the address furnished by the plaintiff.

                                         _____
                                         Clerk, Marion County Circuit/Superior Court

Dated: _____         By: _____
                                              Deputy

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy
of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of
_____, 2018.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy
of the complaint was returned not accepted on the _____ day of _____, 2018.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy
of the complaint mailed to defendant _____ was accepted by _____
on behalf of said defendant on the _____ day of _____, 2018.

                                         _____
                                         Clerk, Marion County Superior Court

                                         By: _____
                                              Deputy

4844-1509-2329, v. 1

**Notice of Removal EXHIBIT A  - consolidated page 4**

Case 1:18-cv-02018-SEB-DML   Document 1-1   Filed 04/02/18   Page 6 of 31 PageID #: 10

49D12-1806-PL-023021
Filed: 6/12/2018 6:30 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

Marion Superior Court, Civil Division 12

State of Indiana
County of Marion
Marion County Civil/Superior Court

| | |
|---|---|
| **Engineered Medical Systems, Inc.,** | Cause No. |
| Plaintiff, | |
| v. | |
| **Vapotherm, Inc.,** | |
| Defendant. | |

## COMPLAINT

Plaintiff Engineered Medical System, Inc. ("Engineered Medical Systems"), by counsel, now files its Complaint against Defendant Vapotherm, Inc. ("Vapotherm"):

### I.

### ALLEGATIONS COMMON TO ALL COUNTS

1. Engineered Medical Systems is organized under the laws of the State of Indiana with its principal place of business located in Marion County, Indiana.

2. Vapotherm is organized under the laws of the State of Delaware with its principal place of business located in Rockingham County, New Hampshire.

3. Engineered Medical Systems is a medical device manufacturer and has manufactured medical device components at the request of Vapotherm for approximately fifteen years.

4.    During a portion of this time, various agreements and purchase orders have been in place between Engineered Medical Systems and various Vapotherm entities.

5.    As an example, in 2013 Engineered Medical Systems and Vapotherm, LLC entered into the agreement attached hereto as *Exhibit A* (the "2013 Agreement").

6.    In November of 2017, Vapotherm changed the production requirements for the medical device components from seven pages to twenty-four pages.  See *Exhibits B and C.*

7.    A true and accurate copy of the seven page version of the production requirements in place until November 2017 is attached hereto as *Exhibit B.*

8.    A true and accurate copy of the revised twenty-four page version of the production requirements put in place in November 2017 is attached hereto as *Exhibit C.*

9.    The changes to the manufacturing requirements required changes to the production procedures, including but not limited to the addition of approximately eight additional workers, and additional product testing was implemented at the point of manufacture.

10.    These changes to the manufacturing requirements were material and invalidate the then existing purchase order based on prior production requirements.

**Notice of Removal EXHIBIT A  - consolidated page 6**

11.     Engineered Medical Systems informed Vapotherm that the changes in manufacturing requirements by Vapotherm invalidated the pending purchase order and that a new purchase order at a new per unit price was required.

12.     Engineered Medical Systems informed Vapotherm of the revised price and Vapotherm placed a new purchase order at that price (the "December 2017 Purchase Order").

13.     A true and correct copy of the December 2017 Purchase Order is attached hereto as *Exhibit D*.

14.     Then, in February of 2018, Vapotherm placed a second purchase order for production of the same medical device components.   See *Exhibit E* (the "February 2018 Purchase Order").

15.     The per unit purchase price in Vapotherm's February 2018 Purchase Order is the same as the purchase price in the December 2017 purchase order.

16.     The December 2017 Purchase Order was fulfilled by Engineered Medical Systems.

17.     Vapotherm has not paid for all the medical device components delivered to date.

18.     In fact, the sum of $500,623.20 remains outstanding for medical device components delivered to Vapotherm.   See *Exhibit F*.

19.     A true and accurate Accounts Receivable Aged Invoice Report ("AR Report") is attached hereto as *Exhibit F*.

3

20.     Although some of these invoices, based on payment terms, are current (i.e. not due until June 14 and June 22, 2018) Vapotherm has made it clear to Engineered Medical Systems it has no intent to pay for the devices received by Vapotherm.  See *Exhibit G*.

21.     On May 25, 2018, mere days before delivery was scheduled to begin on the medical device components covered by the February 2018 Purchase Order, Vapotherm attempted to terminate the February 2018 Purchase Order via letter (the "May 25, 2018 Letter").  See *Exhibit G*.

22.     The May 25, 2018 Letter took the position that Engineered Medical Systems had breached every purchase order beginning in May of 2014 and continuing through the December Purchase Order and asserted that Vapotherm had been damaged by Engineered Medical Systems in an amount in excess of $5 million.  *Id*.

23.     Engineered Medical Systems met with representatives of Vapotherm, including Vapotherm's counsel, on or about May 29, 2018, and Vapotherm made it clear it was canceling the February 2018 Purchase Order, it was not paying for the delivered product, and that it had no intention to pay for the products under production pursuant to the February 2018 Purchase Order – not even the material costs.

24.     Prior to executing the February 2018 Purchase Order, Vapotherm had been informed that the order and manufacturing process had to be begun

**Notice of Removal EXHIBIT A  - consolidated page 8**

approximately three months in advance of the target delivery dates in a purchase order because of material acquisition, production, testing, and shipping.

25.     Stated another way, Vapotherm knew in February 2018 by submitting a purchase order with delivery dates in May and June 2018, Engineered Medical Systems would take action on and incur costs related to production.

26.     Upon information and belief, Vapotherm signed the February 2018 Purchase Order with no intent to accept or pay for the product it ordered.

## II.

### <u>COUNT ONE</u>

### (Breach of Contract)

27.     Engineered Medical Systems incorporates the allegations contained within Paragraphs 1 through 26 of its Complaint as if fully set forth herein.

28.     Pursuant to the December Purchase Order, Engineered Medical Systems agreed to manufacture and Vapotherm agreed to pay for certain medical device components.

29.     In accordance with the parties' agreement(s), Engineered Medical Systems manufactured and delivered certain medical device components.

30.     Vapotherm has not paid for all of the medical device components provided by Plaintiff.

31.     Engineered Medical Systems has performed all obligations under the agreements, including but not limited to the December Purchase Order.

32.     However, the principal sum of $500,623.20 remains due from Vapotherm to Engineered Medical Systems.  See *Exhibit F*.

33.     Vapotherm has made it clear it has no intention to pay the sum due to Engineered Medical Systems.  See *Exhibit G*.

34.     In addition, on May 25, 2018, Vapotherm attempted to cancel the February 2018 Purchase Order immediately prior to delivery.  See *Exhibit G*.

35.     The February 2018 Purchase Order represents a valid and enforceable contract between Vapotherm and Engineered Medical Systems.

36.     Vapotherm knew, or should have known, that the February 2018 Purchase Order required Engineered Medical Systems to buy material, begin production, and both test and ship the medical device components significantly before the scheduled May and June 2018 delivery dates and incur significant cost prior to the purported termination of the February 2018 Purchase Order.

37.     Upon information and belief, the costs incurred by Engineered Medical Systems exceed $100,000.

38.     In addition to the costs incurred, Engineered Medical Systems lost anticipated profits of at least $200,000.

39.     As a direct and proximate result of Vapotherm's multiple breaches of its contracts with Engineered Medical System, Engineered Medical Systems has been damaged in the principal sum of at least $800,623.20.

WHEREFORE, Engineered Medical Systems, by counsel, respectfully requests the Court enter judgment in its favor and against Vapotherm in the

principal sum of at least $800,623.20, together with all appropriate prejudgment interest, post judgment interest, costs, and all other just and appropriate relief.

### III.

### COUNT TWO

### Fraud In The Inducement

40.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 26 of its Complaint by reference as if fully set forth herein.

41.    From December 2017 through the date of this Complaint, Engineered Medical Systems provided Vapotherm with medical device components and services related to producing medical device components in the total sum of at least $800,623.20.

42.    Upon information and belief, Vapotherm entered into the December 2017 Purchase Order and the February 18, 2018 Purchase Order with no intention of honoring the terms of those agreements and materially misrepresented its intentions regarding payment for the medical device components and services related to producing medical device components under those agreements.

43.    Engineered Medical Solutions reasonably relied on the material misrepresentations made by Vapotherm, which Vapotherm knew to be false at the time they were made, and has been damaged as a result of these misrepresentations.

44.    Engineered Medical Solutions has been damaged as a proximate result of Vapotherm's actions or inactions.

Notice of Removal EXHIBIT A  - consolidated page 11

WHEREFORE, Engineered Medical Systems, by counsel, respectfully requests the Court enter judgment in its favor and against Vapotherm in the principal sum of at least $800,623.20, together with all appropriate prejudgment interest, post judgment interest, costs, and all other just and appropriate relief.

IV.

**COUNT THREE**

**Constructive Fraud**

45.     Plaintiff incorporates the allegations contained in Paragraphs 40 through 44 of its Complaint by reference as if fully set forth herein.

46.     At the time it entered into the December 2017 Purchase Order and the February 2018 Purchase Order, Vapotherm knew of its intent not to pay for the products and services rendered by Engineered Medical Systems and thereby enjoyed a position of superiority over Engineered Medical Systems.

47.     As such, Vapotherm gained an advantage at the expense of Engineered Medical Systems.

WHEREFORE, Engineered Medical Systems, by counsel, respectfully requests the Court enter judgment in its favor and against Vapotherm in the principal sum of at least $800,623.20, together with all appropriate prejudgment interest, post judgment interest, costs, and all other just and appropriate relief.

**Notice of Removal EXHIBIT A  - consolidated page 12**

## V.

## COUNT FOUR

### Fraud

48.     Plaintiff incorporates the allegations contained in Paragraphs 40 through 44 of its Complaint by reference as if fully set forth herein.

49.     Vapotherm made a material misrepresentation of fact with knowledge of or reckless disregard for the falsity of the statement by misrepresenting its intent to pay for the product manufactured by Engineered Medical Systems.

50.     Engineered Medical Systems detrimentally relied upon the statements made by Vapotherm and has been damaged thereby.

51.     Engineered Medical Systems has been damaged as a result of Vapotherm's material misrepresentations.

52.     Pursuant to Ind. Code §§ 35-43-5-4(8) and 34-24-3-1 *et seq.*, Engineered Medical Systems is entitled to treble damages, reasonable attorney fees, costs and all other just and proper relief in the premises.[1]

WHEREFORE, Engineered Medical Systems, by counsel, respectfully requests the Court enter judgment in its favor and against Vapotherm in the principal sum of at least $800,623.20, together with treble damages, reasonable attorney fees, prejudgment interest, post judgment interest, costs, and all other just and appropriate relief.

---

[1] Vapotherm contends that New Hampshire law applies to the matter at hand.  Engineered Medical Systems disagrees.  However, if Vapotherm is correct, Engineered Medical Systems requests all damages available to it under New Hampshire law.

Notice of Removal EXHIBIT A  - consolidated page 13

## VI.

### <u>COUNT FIVE</u>

### Unjust Enrichment

53.    Engineered Medical Systems incorporates the allegations contained within Paragraphs 1 through 26 of its Complaint as if fully set forth herein.

54.    Engineered Medical Systems provided product and services to Vapotherm based upon Vapotherm's promise to pay for such equipment and services.

55.    Engineered Medical Systems reasonably expected Vapotherm to pay for the equipment and services provided.

56.    Vapotherm should have reasonably expected to pay for the equipment and services provided.

57.    Vapotherm's failure to pay for the product and services provided, together with other action or inaction by Vapotherm, constitutes an actual wrong.

58.    Engineered Medical Systems has conferred a measurable benefit on Vapotherm.

59.    Vapotherm's retention of the benefit without payment is unjust.

60.    Engineered Medical Systems has suffered damages in the amount of at least $800,623.20 due to its reliance upon Vapotherm's promise to pay for the product and services rendered.

61.    Vapotherm has profited from the use of Engineered Medical Systems products and services to Engineered Medical Systems' detriment.

10

WHEREFORE, Engineered Medical Systems, by counsel, respectfully requests the Court enter judgment in its favor and against Vapotherm in the principal sum of at least $800,623.20, together with all appropriate prejudgment interest, post judgment interest, costs, and all other just and appropriate relief.

Respectfully submitted,

*/s/ Craig J. Helmreich*

Craig J. Helmreich/#22220-49
Scopelitis, Garvin, Light, Hanson & Feary
10 W. Market Street, Suite 1400
Indianapolis, IN  46204
Telephone: (317) 637-1777
Facsimile: (317) 687-2414

Attorney for Plaintiff,
Engineered Medical Systems, Inc.

4821-8313-3289, v. 1

11

**Notice of Removal EXHIBIT A  - consolidated page 15**

49D12-1806-PL-023021
Marion Superior Court, Civil Division 12

Filed: 6/13/2018 6:30 PM
Myla A. Eldridge
Clerk
Marion County, Indiana



This supplier agreement (the "Agreement") is made and entered into this 25th day of June 25, 2013 by and among Vapotherm LLC of Stevensville, MD and Engineered Medical Systems of 2055 Executive Drive, Indianapolis, IN 46241 ("Supplier").

Whereas, VAPOTHERM and Supplier have agreed to enter into a business relationship pursuant to which Supplier will supply certain medical devices, Services, and/or components (the "Products"); and

Whereas, VAPOTHERM desires to purchase quantities of the Products or Services to incorporate as part of, or in connection with its Medical Device products and services; and

Whereas, Supplier has the capability of supplying the Products/Services and desires to do so for sale to VAPOTHERM;

PRODUCT MANUFACTURE AND SUPPLY

1. Responsibility
   Supplier shall be supplying products or services for use in the manufacture and distribution of a finished medical device.. All products must conform completely to VAPOTHERM supplied prints and specifications. Any deviation from prints or specifications shall be submitted to the VAPOTHERM Quality Assurance, Operations, and Regulatory Affairs for disposition.

   Supplier understands the responsibility associated with section 2 of this agreement and accepts the liability that would result from a violation of the terms of this agreement.

   Supplier is responsible to comply with any contracts agreed to with Vapotherm along with any terms and conditions set forth in the purchase order.

2. Manufacturing and Quality
   Supplier will supply the Products to VAPOTHERM on the terms, conditions and specifications set forth herein and in any Purchase Order or contract.

Form 06-01-04 Rev A

EXHIBIT A
**Notice of Removal EXHIBIT A  - consolidated page 16**

2.1 Supplier shall submit to VAPOTHERM first article documentation and parts for acceptance. First article parts shall be representative of the production processes to be used for manufacturing product to fulfill purchase order requirements.

2.2 VAPOTHERM will provide timely acceptance status of first article parts submitted for approval.

2.3 After first article acceptance, supplier must obtain prior written consent from VAPOTHERM to change any sub-contract manufacturer used by the Supplier for the fulfillment of any Purchase Orders.

2.4 After first article acceptance, supplier must notify VAPOTHERM of any proposed change that could affect the safety or efficacy of the component, sub-assembly or finished device. Notification shall be made to the VAPOTHERM Quality Assurance, Operations, and Regulatory Affairs in writing prior to making such change. VAPOTHERM shall provide a timely approval status of the proposed change.

2.5 Supplier shall be responsible for ensuring that all products, parts, components and processes procured from every sub tier manufacturer conform to the requirements and obligations of the Quality Requirements of this Agreement.

2.6 Supplier shall ensure that these requirements and obligations as applicable are included in its procurement documents with suppliers.

2.7 Supplier's quality system shall provide a method by which the sub-contractor's conformance to these requirements and obligations can be verified.

2.8 Supplier shall ensure that traceability exists for all raw materials and validated processes. Procedures shall be in place that identify product during all stages of product realization. Records must be traceable to raw material lot, supplier components, PO and any associated validated process parameters. These records shall be available for VAPOTHERM review upon request.

3. Technical Information
VAPOTHERM will provide Supplier with all technical information and technical assistance necessary for Supplier to manufacture the Products. In some instances the technical information may be held proprietary by the supplier and this paragraph would not apply.

4. Validation
As required by VAPOTHERM the supplier shall participate in the validation of processes whose resulting quality cannot be verified by inspection or testing.

5. Certification

**Notice of Removal EXHIBIT A  - consolidated page 17**

Supplier shall submit to VAPOTHERM a certificate of compliance with each shipment. The certificate shall certify that all products meet VAPOTHERM prints and specifications. Any approved deviations shall be noted on the certificate of compliance. The certificate shall include the PO #, Part Number, Drawing Number(if applicable), Lot Number, Revision, and Quantity contained in the shipment. The certification shall be approved by an appropriate Management Representative.

6. Confidentiality

Any confidential information disclosed under this Agreement shall be used for the sole authorized purpose of evaluating a possible business relationship between the Supplier and VAPOTHERM regarding the development, manufacture, and marketing of product concepts proprietary to VAPOTHERM.

"Confidential Information" means information possessed or generated by either party that is disclosed to the other relating to the subject matter of this Agreement and is in writing or other physical form and marked as confidential, or, if disclosed orally, shall be reduced to physical form, marked as confidential, and delivered to the Recipient within thirty (30) days after oral disclosure. Confidential information does not include information that can be demonstrated to be;

1. Rightfully in the Recipient's possession before receipt from the Discloser; or
2. Is or becomes a matter of public knowledge through no fault of the Recipient; or
3. Is rightfully received by the Recipient from a third party without a duty of confidentiality; or
4. Is disclosed under operation of law; or
5. Is disclosed by Recipient with the Discloser's prior written approval; or
6. Is required to be disclosed by Recipient as a result of any judicial or administrative proceeding, provided, however, that Recipient shall notify Discloser immediately of any obligation or potential obligation to disclose Confidential Information pursuant to such proceeding.

Recipient agrees that it shall not disclose VAPOTHERM Confidential Information to anyone except Recipient's employees and employees of affiliates to whom disclosures are necessary on a "need to know" basis and only for the purpose(s) set forth in this Agreement. Recipient shall notify such employees that the disclosure is made, and shall be kept, in confidence in accordance with this Agreement.

**Notice of Removal EXHIBIT A  - consolidated page 18**

Approvals

By signing below, the parties hereto have agreed to the terms set forth in this
document. The agreement is signed by duly authorized representatives below.

VAPOTHERM                              Engineered Medical Systems

Signature                              Signature
Printed Name _Rhonda McMonagle_        Printed Name _JEFF QUINN_
Title _RMA manager_                    Title _PRESIDENT_
Date _6 7/1/13_                        Date _7/1/13_

mhm
7/1/13

# COMPLAINT EXHIBIT B  REDACTED IN FULL BY AGREEMENT OF THE PARTIES

# COMPLAINT EXHIBIT C  REDACTED IN FULL BY AGREEMENT OF THE PARTIES

Case 1:18-cv-02018-SEB-DML  Document 1-5  Filed 07/02/18  Page 23 of 31 PageID #: 22

Filed: 6/12/2018 6:30 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

**49D12-1806-PL-023021**
Marion Superior Court, Civil Division 12

VAPOTHERM, Inc.
100 Domain Drive
Exeter NH 03833
UNITED STATES

Phone:  603-658-1800
Fax:  (603) 658-0181



| PO Number: | 20171661 | **Purchase Order** | Page: | 1 of 2 |

**Revised: 1/18/2018**

**Vendor:**   Gina Williamson
Engineered Medical Systems
2055 Executive Drive
Indianapolis IN 46241
UNITED STATES

**Phone:** 317-246-5500 x 116   **Fax:** 317-246-5501
gwilliamson@engmedsys.com

**Ship To:**
Vapotherm Inc.
100 Domain Drive
Exeter NH 03833
UNITED STATES

| Ship Via: UPS Standard | Order Date: 12/28/2017 | Terms: Net 30 |
| F.O.B: Origin | Prepaid Freight: No | Resale No: |
| Carrier: United Parcel Service | | |

*This PO was created in December by Diana to replace all open PO's due to price increase from EMS.*
*PO was revised on 01/18/2018 to reflect shipments of 9240 eaches every week and a half. Ok per Fred on 01/17/2018.*
*EMS will send a conformation for this revised PO.*

USD

| Line | Part Number/Rev/Description | Order Qty. | Unit Price | Ext Price | Tax |
|------|------------------------------|-----------|-----------|-----------|-----|
| 1 | 3100644 / C | 123,000.0000EA | | 1,110,690.00 | No |
| | Delivery Tube Assembly - A11 EMS Tube Assembly | each | 9.03/1 | | |
| | - Shipping Release Requirement - | **Due Date** | **Quantity** | | |
| | Closed | 12/30/2017 | 2,880.0000EA | | |
| | Closed | 1/19/2018 | 9,240.0000EA | | |
| | | 1/26/2018 | 9,240.0000EA | | |
| | | 2/7/2018 | 9,240.0000EA | | |
| | | 2/16/2018 | 9,240.0000EA | | |
| | | 2/28/2018 | 9,240.0000EA | | |
| | | 3/9/2018 | 9,240.0000EA | | |
| | | 3/21/2018 | 9,240.0000EA | | |

POForm:001:00

EXHIBIT D
**Notice of Removal EXHIBIT A  - consolidated page 22**

VAPOTHERM, Inc.
100 Domain Drive
Exeter NH 03833
UNITED STATES

Phone:     603-658-4899
Fax:       (603) 658-0181



**VAPOTHERM®**

PO Number:   **20171661**

| **Purchase Order** |
| :---: |

Page:     2 of 2

**Revised:** 1/18/2018

| | |
| --- | --- |
| 3/30/2018 | 9,240.0000 EA |
| 4/11/2018 | 9,240.0000 EA |
| 4/20/2018 | 9,240.0000 EA |
| 5/2/2018 | 9,240.0000 EA |
| 5/11/2018 | 9,240.0000 EA |
| 5/23/2018 | 9,240.0000 EA |

**Authorized By:** *Maureen Webb*
        maureenwebb@vtherm.com

| | |
| --- | --- |
| Line(s) Subtotal: | 1,110,690.00 |
| Misc. Charge Subtotal: | 0.00 |
| **Total:** | **1,110,690.00 USD** |

All purchase orders must comply with Vapotherm's Purchase Order Terms & Conditions located at
http://www.vtherm.com/purchase-order-terms-and-conditions. All shipments must include a certificate of
compliance ("COC") and if applicable, all materials must be ROHS compliant and noted on the COC.

POForm:001:00

**Notice of Removal EXHIBIT A  - consolidated page 23**

VAPOTHERM, Inc.
100 Domain Drive
Exeter NH 03833
UNITED STATES



**VAPOTHERM®**

Phone: 603-658-4899
Fax: (603) 658-0181

**PO Number:   20171661**      | **Purchase Order** |      Page:   1 of 2

| **Vendor:**       Gina Williamson | **Ship To:** |
|---|---|
| Engineered Medical Systems | Vapotherm Inc. |
| 2055 Executive Drive | 100 Domain Drive |
| Indianapolis IN 46241 | Exeter NH 03833 |
| UNITED STATES | UNITED STATES |

Phone:   317-246-5500 x 116      **Fax:** 317-246-5501
     gwilliamson@engmedsys.com

| Ship Via:UPS Standard | Order Date:12/28/2017 | Terms: Net 30 |
|---|---|---|
| F.O.B:Origin | Prepaid Freight:No | Resale No: |
| Carrier: United Parcel Service | | |

*USD*

| Line | Part Number/Rev/Description | Order Qty. | Unit Price | Ext Price | Tax |
|---|---|---|---|---|---|
| 1 | 3100644 / C | 133,000.0000EA | | 1,200,990.00 | No |
|  | Delivery Tube Assembly - A11 EMS Tube Assembly | each | 9.03/1 | | |

- Shipping Release Requirement -

| **Due Date** | **Quantity** |
|---|---|
| 12/30/2017 | 3,000.0000EA |
| 1/5/2018 | 10,000.0000EA |
| 1/19/2018 | 15,000.0000EA |
| 2/9/2018 | 15,000.0000EA |
| 2/23/2018 | 18,480.0000EA |
| 3/9/2018 | 18,480.0000EA |
| 3/23/2018 | 18,480.0000EA |
| 4/6/2018 | 18,480.0000EA |
| 4/20/2018 | 16,080.0000EA |

POForm:001:00

**Notice of Removal EXHIBIT A  - consolidated page 24**

VAPOTHERM, Inc.
100 Domain Drive
Exeter NH 03833
UNITED STATES

Phone:        603-658-4899
Fax:          (603) 658-0181



**VAPOTHERM®**

PO Number:   **20171661**

**Purchase Order**

Page:       2 of 2

---

**Authorized By:** *Diana Brideau*
dbrideau@vtherm.com

Line(s) Subtotal:          1,200,990.00
Misc. Charge Subtotal:             0.00

Total:          **1,200,990.00** USD

All purchase orders must comply with Vapotherm's Purchase Order Terms & Conditions located at
http://www.vtherm.com/purchase-order-terms-and-conditions. All shipments must include a certificate of
compliance ("COC") and if applicable, all materials must be ROHS compliant and noted on the COC.

POForm:001:00

**Notice of Removal EXHIBIT A  - consolidated page 25**

49D12-1806-PL-023021
Marion Superior Court, Civil Division 12

Filed: 6/13/2018 6:30 PM
Myla A. Eldridge
Clerk
Marion County, Indiana



VAPOTHERM, Inc.
100 Domain Drive
Exeter NH 03833
UNITED STATES

Phone:      603-658-4899
Fax:        (603) 658-0181

**VAPOTHERM®**

**PO Number:   20180181**

| | **Purchase Order** | Page:   1 of 2 |

| **Vendor:**   Gina Williamson | **Ship To:** |
|---|---|
| Engineered Medical Systems | Vapotherm Inc. |
| 2055 Executive Drive | 100 Domain Drive |
| Indianapolis IN 46241 | Exeter NH 03833 |
| UNITED STATES | UNITED STATES |

**Phone:**  317-246-5500 x 116      **Fax:** 317-246-5501
          gwilliamson@engmedsys.com

| Ship Via:UPS Standard | Order Date:2/27/2018 | Terms:Net 30 |
|---|---|---|
| F.O.B:Origin | Prepaid Freight:No | Resale No: |
| Carrier: United Parcel Service | | |

*Please ship via UPS International (Air or Sea Freight to be determined) using our account #708681168.*
*9240 pcs. = one 20 ft. container.*

USD

| Line | Part Number/Rev/Description | Order Qty. | Unit Price | Ext Price | Tax |
|---|---|---|---|---|---|
| 1 | 3100644 / D | 100,000.0000EA | | 903,000.00 | No |
| | Delivery Tube Assembly - A11 EMS Tube Assembly | each | 9.03/1 | | |
| | - Shipping Release Requirement - | **Due Date** | **Quantity** | | |
| | | 5/25/2018 | 9,240.0000EA | | |
| | | 6/6/2018 | 9,240.0000EA | | |
| | | 6/15/2018 | 9,240.0000EA | | |
| | | 6/27/2018 | 9,240.0000EA | | |
| | | 7/6/2018 | 9,240.0000EA | | |
| | | 7/18/2018 | 9,240.0000EA | | |
| | | 7/27/2018 | 9,240.0000EA | | |
| | | 8/8/2018 | 9,240.0000EA | | |

POForm:001:00

VAPOTHERM, Inc.
100 Domain Drive
Exeter NH 03833
UNITED STATES

Phone:    603-658-4899
Fax:    (603) 658-0181



**VAPOTHERM®**

**PO Number:** 20180181

| Purchase Order |

Page:   2 of 2

| 8/17/2018 | 9,240.0000 EA |
| 8/29/2018 | 9,240.0000 EA |
| 9/7/2018 | 7,600.0000 EA |

**Authorized By:** *Maureen Webb*
maureenwebb@vtherm.com

Line(s) Subtotal:   903,000.00
Misc. Charge Subtotal:   0.00
Total:   **903,000.00 USD**

All purchase orders must comply with Vapotherm's Purchase Order Terms & Conditions located at http://www.vtherm.com/purchase-order-terms-and-conditions. All shipments must include a certificate of compliance ("COC") and if applicable, all materials must be ROHS compliant and noted on the COC.

POForm:001:00

**Notice of Removal EXHIBIT A  - consolidated page 27**

Case 1:18-cv-02018-SEB-DML    Document 1-3    Filed 07/02/18    Page 29 of 31 PageID #: 483

49D12-1806-PL-023021
Statement
Marion Superior Court, Civil Division 12

Filed: 6/12/2018 6:30 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

# Engineered Medical Systems, Inc.

**2055 Executive Drive**
**Indianapolis, IN  46241 USA**
**Tel: (317) 246-5500**
**Fax: (317) 246-5501**

**www.EngMedSys.com**

| | |
|---|---|
| Statement Date: | 6/12/2018 |
| Salesperson: | OEM |
| Customer Number: | 00-VAPMALA |

VAPOTHERM, INCORPORATED
100 DOMAIN DRIVE
Exeter, NH  03833

**Contact:**   DIANA BRIDEAU

| Date | Reference | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| 3/26/2018 | 0095096-IN | | 83,437.20 | | 83,437.20 |
| 4/16/2018 | 0095466-IN | | 83,437.20 | | 83,437.20 |
| 4/27/2018 | 0095720-IN | | 83,437.20 | | 83,437.20 |
| 5/7/2018 | 0095808-IN | | 24,381.00 | | 24,381.00 |
| 5/15/2018 | 0095948-IN | | 83,437.20 | | 83,437.20 |
| 5/23/2018 | 0096070-IN | | 83,437.20 | | 83,437.20 |
| 5/31/2018 | 0096246-IN | | 59,056.20 | | 59,056.20 |

| | | | | Total: | 500,623.20 |
|---|---|---|---|---|---|

| Current | 30 Days | 45 Days | 60 Days | 90 Days | Balance Due |
|---|---|---|---|---|---|
| 225,930.60 | 24,381.00 | 166,874.40 | 83,437.20 | 0.00 | 500,623.20 |

**Notice of Removal EXHIBIT A  - consolidated page 28**

EXHIBIT A

Case 1:18-cv-02018-SEB-DML   Document 1-1   Filed 07/02/18   Page 30 of 31 PageID #: 36

49D12-1806-PL-023021

Filed: 6/12/2018 6:30 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

Marion Superior Court, Civil Division 12





May 25, 2018

**Sent via Priority Overnight Mail and E-Mail**

Jeff Quinn
President
Engineered Medical Systems, Inc.
2055 Executive Drive
Indianapolis, IN 46241

**Re: Notification of Breach of Supplier Agreement and Associated Purchase Orders**

Dear Jeff,

Please allow this letter to serve as notice from Vapotherm, Inc. ("Vapotherm") that Engineered Medical Systems, Inc. ("EMS") has breached the supplier agreement dated June 25, 2013 between Vapotherm and EMS (the "Supplier Agreement") and various purchase orders issued thereunder, including, but not limited to, the following purchase orders: PO #20140450, dated May 2, 2014; PO #20140567, dated June 9, 2014; PO #20150126, dated September 9, 2015; PO #20151565, dated December 9, 2015; PO #20160587, dated May 9, 2016; PO #20170805, dated June 13, 2017; PO #20171223, dated September 20, 2017; and PO #20171661, dated December 28, 2017 (together, the "Purchase Orders").

EMS's breaches of the Supplier Agreement include, but are not limited to, violations of the following sections of the Supplier Agreement: Section 1, Section 2.4, Section 2.5, Section 2.6, and Section 5. EMS's breaches of the Purchase Orders include, but are not limited to, violations of the following paragraphs of the Purchase Order Terms and Conditions (the "PO Terms and Conditions"): the paragraph titled "PRICE," the paragraph titled "DELIVERY," the paragraph titled "WARRANTY," the paragraph titled "CHANGES," and the paragraph titled "COMPLIANCE WITH LAWS."

EMS is also obligated to indemnify Vapotherm for damages and expenses Vapotherm has incurred arising from the acts and omissions of EMS under Section 1 of the Supplier Agreement and the paragraph of the PO Terms and Conditions titled "INDEMNIFICATION."

Please be advised that any dispute between Vapotherm and EMS is governed by New Hampshire law, and any and all disputes between the parties must be litigated in New Hampshire courts as a matter of contract under Section 2 of the Supplier Agreement and the paragraph in the PO Terms and Conditions titled "APPLICABLE LAW/JURISDICTION."

Moreover, EMS's false and misleading conduct in carrying out its duties under its agreements with Vapotherm has been tortious and triggers provisions of the New Hampshire Consumer Protection Act, N.H. RSA 358-A. The false representations EMS has made regarding the quality control features of its manufacturing processes constitute a series of unfair and deceptive business practices under N.H. RSA 358-A:2. In addition to violating the general provisions of the act, EMS's conduct specifically violates the provisions set forth under N.H. RSA 358-A:2, II, III, IV, V, VII, XIV.

Please be advised that New Hampshire law provides for a private right of action under N.H. RSA 358-A:10, which includes the recovery of attorney's fees and costs and double or treble damages. Vapotherm will contend that its damages exceed $5 million due to EMS's conduct.

 

Please note that, in accordance with the PO Terms and Conditions, all of EMS's confidentiality and indemnification obligations remain ongoing.  Please also note that Vapotherm specifically reserves all rights under the Supplier Agreement and the PO Terms & Conditions and nothing herein shall constitute a waiver of any right or claim Vapotherm may have against EMS, whether under its Agreements with EMS, as a matter of law, or otherwise.

Vapotherm and EMS have a long history of working together and we are hopeful that we will be able to come to an amicable resolution of this dispute.

Great People + Total Customer Focus + Great Technology = Success

Regards,

Joe Army
President & CEO
Vapotherm, Inc.

*Take the Work out of Breathing*
*Vapotherm Inc. – 100 Domain Drive, Exeter, NH 03833 – (603) 658-0011 – www.vapotherm.com*

**Notice of Removal EXHIBIT A  - consolidated page 30**